# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0418, <u>Joseph Monagle & a. v. Judith Taylor</u>, the court on December 4, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order.  <u>See</u> <u>Sup. Ct. R.</u> 20(2).  The defendant, Judith Taylor, appeals an order of the Superior Court (<u>Bornstein</u>, J.) interpreting a deeded easement and concluding that: (1) the plaintiffs, Joseph and Jean Monagle, have a right to maintain a driveway without obstruction by boulders or other barriers that impede their ability to plow and deposit snow or any other debris, and clear a 22-foot wide path; and (2) the defendant is prohibited from placing boulders or any other barriers that would interfere with the plaintiffs' ability to maintain the driveway and access their property.  We affirm and remand.

The trial court found, or the record supports, the following facts.  The parties own adjacent lots that were once part of the same parcel.  The plaintiffs' property (Lot 1) abuts U.S. Route 3, and the southern and western boundary lines of their property abut the defendant's property (Lot 2).  Lot 2 includes a 50-foot-wide strip of land which provides Lot 2 with access to Route 3.  The plaintiffs have a deeded easement over part of the 50-foot-wide strip of land on Lot 2 (easement zone).  The Lot 1 deed describes a right of way, to be used

> in common with the owners of Lot #2, to use that portion of the common driveway that is located within the limits of the first 120 feet of the 50 foot strip extending westerly from US Route 3 as shown on the aforementioned plan, including the right to construct, improve and maintain a traveled surface up to 22 feet in width, which may be used in connection with a commercial use of Lot #1; for viatic purposes and for the construction and maintenance of utility lines.  The owners of Lot #1 shall pay one half (1/2) the cost of maintaining that portion of the driveway that they share with the owners of Lot #2.

The Lot 2 deed excepts and reserves a right of way in favor of Lot 1 as depicted on the plan referenced in the deed and states that:

> Lot #1 may use that portion of the common drive located within the first 120 feet of the 50' strip leading westerly from U.S. Route 3.  The owners of Lot #1 shall have the right to construct and

improve a traveled surface up to 22 feet in width. Said right of way may be used in connection with a commercial use of Lot #1. The owners of Lot #1 shall pay one-half (1/2) the cost of maintaining that portion of the driveway they share.

The plan referenced in both deeds is a 1988 subdivision plan that includes an arrow pointing to the 120-foot by 50-foot rectangle and states "Easement for Lot 1, Easement Area Part of Lot #2" and "Easement is for Driveway Only." A dispute arose between the parties when the defendant placed boulders along the common driveway, within the 120-by-50 foot rectangle. The plaintiffs sued the defendant, asserting that the placement of the boulders has "interfered with and blocked": (1) their "ability to construct, improve, and maintain the traveled surface within the Easement Zone"; (2) their use of the "easement zone" for commercial purposes; (3) their use of the "easement zone" for viatic purposes; and (4) their ability "to maintain, plow, and resurface the traveled surface, park along the side of the traveled surface, and maintain utility lines." The plaintiffs' complaint included, among other things, a request for declaratory judgment and injunctive relief, including an order to remove the boulders. The defendant filed a counterclaim, asserting, in part, that the plaintiffs had overburdened the easement, and seeking, among other things, declaratory judgment and injunctive relief.

The parties filed cross-motions for summary judgment. Following a hearing, the trial court granted the plaintiffs' motion, and denied the defendant's motion, stating: "As a matter of law, the defendant cannot block the plaintiffs' access to and use of their property by way of placing boulders or any other barrier along the 22-foot-wide Driveway in a manner that would interfere with their right to maintain the Driveway and access their property." In a footnote in its order, the trial court stated that "[t]he Court's order is limited to the interpretation of the deeded easement and does not make any factual determination as to 'whether the particular boulders at issue unreasonably interfere with the plaintiffs' deeded easement.'" The plaintiffs moved for "limited partial reconsideration," noting that the trial court order "specifically left open the issue of whether the particular boulders at issue unreasonably interfere with the plaintiffs' deeded easement," but arguing that the remaining issue could be resolved on the summary judgment record. The trial court denied the motion for partial reconsideration, and the defendant appealed.

On appeal, the defendant argues that the trial court erred in ruling that the plaintiffs have: (1) rights to a driveway wider than that specified in the easement deed; and (2) additional rights to travel over the defendant's property to reach the rear of the plaintiffs' property. We do not read the trial court order to have made either of these rulings. See In the Matter of Salesky & Salesky, 157 N.H. 698, 702 (2008) (interpretation of a trial court order is a question of

law, which we review de novo).  Based upon our review of the trial court's order, the plaintiffs' challenges to it, the relevant law, and the record submitted on appeal, see JMJ Properties, LLC v. Town of Auburn, 168 N.H. 127, 129 (2015), we conclude, for the reasons that follow, that the trial court did not err when it interpreted the deeded easement.

When reviewing rulings on cross-motions for summary judgment, we consider the evidence in the light most favorable to each party in its capacity as the nonmoving party and, if no genuine issue of material fact exists, we determine whether the moving party is entitled to judgment as a matter of law. Id.  If our review of that evidence discloses no genuine issue of material fact and if the moving party is entitled to judgment as a matter of law, then we will affirm the summary judgment ruling.  Id. at 129-30.

At issue in this appeal is the interpretation of a deeded easement granting Lot 1, or the "dominant estate," the non-possessory right to use a portion of Lot 2, the "servient estate."  Arcidi v. Town of Rye, 150 N.H. 694, 698 (2004).  The interpretation of a deeded right of way is ultimately a question of law for this court to decide by determining the intention of the parties.  See Village Green Condo. Ass'n v. Hodges, 167 N.H. 497, 500 (2015).  If the terms of the deed are clear and unambiguous, those terms control how we construe the parties' intent, "but the law may imply supplemental rights."  Arcidi, 150 N.H. at 701.  "Under an express grant, a grantee takes by implication whatever rights are reasonably necessary to enable it to enjoy the easement beneficially." Id.  This includes the right of a "grantee of a defined way . . . to do whatever is necessary to make it passable or usable for the purposes named in the grant." White v. Hotel Co., 68 N.H. 38, 42 (1894).  The owner of a servient estate may not unreasonably interfere with the rights of the owner of the dominant estate to use and enjoy his or her easement.  28A C.J.S. Easements § 235 (2019) (stating that "[a]n easement owner has the right to be free from interference with the actual and prospective use of the easement, and owners of the servient tenement may not use their property in a way that obstructs the normal use of the easement" (footnote omitted)).

The language of both the Lot 1 and Lot 2 deeds grants the plaintiffs the right to use the common driveway, and also to construct and maintain a 22-foot-wide traveled surface.  It is clear from the language of the deeds, and the subdivision plan incorporated by reference into the deeds, that the purpose of the 22-foot-wide traveled surface is to provide the owners of Lot 1 the ability to access their property from the common driveway.  The plaintiffs have a right to maintain this 22-foot-wide surface without obstruction by boulders that impede their ability to plow and deposit snow or any other debris to clear the 22-foot-wide traveled surface.  As the defendant concedes on appeal, the maintenance of the 22-foot-wide traveled surface "includes the ability to plow snow off the driveway and push it onto other parts of the" 120-by-50 foot

3

rectangle. Given the plain language of the deeds, we therefore agree with the trial court that, as a matter of law, the defendant is prohibited from placing boulders or any other barriers that would interfere either with the plaintiffs' maintenance of the 22-foot-wide traveled surface or with their ability to access their property. Whether the particular boulders at issue do or do not unreasonably interfere with the plaintiffs' deeded easement is, as the trial court noted, a question of fact. See Arcidi, 150 N.H. at 702 (noting that under "rule of reason" parties "must act reasonably under the terms of the easement to prevent interference with the use and enjoyment of each other's property").

As the defendant states in her brief, "[a]lthough the court mentioned overburdening and expansion of the easement . . . it left unaddressed the [plaintiffs'] overuse by creating turn-off spurs from the driveway to three separate locations – parking lot, garage, and backyard. The court did not address either party's request for injunctions." Rather, the trial court simply ruled that the easement "does not limit where the plaintiffs may access their Lot 1, but generally protects their right to access their lot by using the Driveway," and concluded that "any obstruction that interferes with the plaintiffs' right to access their property by way of the Driveway is not permitted." While we affirm that ruling, we also agree with the defendant that the trial court order does not explicitly address her arguments regarding overburdening or overuse of the easement. Accordingly, we do not reach the defendant's remaining arguments, and remand for further proceedings.

<u>Affirmed and remanded</u>.

MACDONALD, C.J., and BASSETT, DONOVAN, and COUNTWAY, JJ., concurred; HANTZ MARCONI, J., did not participate in the final vote.

**Timothy A. Gudas,
Clerk**